**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO.   15-07161 BKT** |
| **JOSE ANTONIO LOPEZ CANCEL and CARMEN NEREIDA MEDINA GONZALEZ** | **Chapter  7** |
| | **Adversary No.  16-00001** |
| **Debtor(s)** | |
| **WILFREDO SEGARRA** | |
| **Plaintiff** | |
| vs. | |
| **BPPR AS SERVICER AGENT OF FREDDIE MAC; ET AL** | |
| **Defendant(s)** | **FILED & ENTERED ON 5/15/2018** |

<u>**OPINION & ORDER**</u>

Debtors/Defendants, Carmen Nereida Medina Gonzalez and Jose Antonio Lopez Cancel, filed an *Urgent Request for Relief From Order Pursuant to F.R.B.P. 60(b)(5) & Request for Order Pursuant to F.R.B.P. 8008* [Dkt. No. 68]. Debtors' request pertains to an Opinion and Order of the court dated March 15, 2018 [Dkt. No. 108], which was timely appealed by them to the U.S. District

Court on March 28, 2018 [Dkt. No. 54]. On May 14, 2018, the chapter 7 Trustee filed an *Oposition to Motion for Relief from Judgment* objecting Debtor's urgent request [Dkt. No. 72]. In his opposition, the Trustee restates his legal arguments from his *Opposition to Motion for Summary Judgment and Counter Motion for Summary Judgmeng* [Dkt. No. 49], with one added wrinkle. Trustee contends that:

> Debtor attempts to influence the Court's decision by pointing out that the Debtors are an elderly couple living on limited means. But the fact of the matter is that denying the request for avoidance and preservation of the lien would be inequitable: in essence, ***the Debtors would be allowed to keep a house that they did not pay for to the detriment of all their creditors.*** Debtors would receive a windfall at the expense of the creditors of the estate. (emphasis theirs).

The court rejects Trustee arguments at this juncture because they are misplaced and do not address the procedural merits of the urgent request being adjudicated by this court. Trustee's arguments on the substantive legal issues are better served in the appeal presently underway in District Court.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct 400, 402 (1982) (per curiam). "The rule is well established that the taking of an appeal transfers jurisdiction from the Bankruptcy Court to the Appellate Court with regard to matters involved in the appeal and divest the Bankruptcy Court of jurisdiction to proceed further with such matters." In re Bradshaw, 284 B.R. 520 (Bkrtcy.D.Mass., 2002) quoting In re Kendrick Equipment Corporation, 60 B.R. 356, 358 (Bankr.W.D.Va.1986).

> This is so because a bankruptcy judge does not have concurrent jurisdiction with the district court [or BAP] over the subject matter of an appeal ....Once a notice of appeal is filed 'no lower court should be able to vacate or even modify an order under appeal, not even a bankruptcy court attempting to eliminate the need for a particular appeal.'... The rationale for this rule is the avoidance of confusion and waste of time that might result from putting the same issues before two courts at the same time.

In re Emergency Beacon Corporation, 58 B.R. 399, 402 (Bankr.S.D.N.Y. 1986).

In their urgent motion, the Debtors request relief under Fed. R. Civ. P. 60(b) and Fed. R. Bankr. P. 8008. For the reasons stated above regarding this court's loss of jurisdiction over the matter, Fed. R. Civ. P. 60(b) is unavailable to Debtors. Nonetheless, Fed. R. Bankr. P. 8008 authorizes the court to make an indicative ruling. Fed. R. Bankr. P. 8008 states in relevant part:

> (a) Relief Pending Appeal
> If a party files a timely motion in the bankruptcy court for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the bankruptcy court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state that the court would grant the motion if the court where the appeal is pending remands for that purpose, or state that the motion raises a substantial issue.

Rule 8008 "provides a procedure for the issuance of an indicative ruling when a bankruptcy court determines that, because of a pending appeal, the court lacks jurisdiction to grant a request for relief that the court concludes is meritorious or raises a substantial issue." Fed. R. Bankr. P. 8008 Advisory Committee Note to 2014 Amendment. It applies "when a post judgment motion — such as a motion for relief from judgment under Civil Rule 60(b) made more than 14 day after entry of the

judgment —which does not suspend the time for filing a notice of appeal— is made in the bankruptcy court at a time when a pending appeal has deprived the bankruptcy court of jurisdiction to decide the motion." 10 COLLIER ON BANKRUPTCY ¶ 8008.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). The court finds that it is just and equitable to apply the rule in this case. In doing so, the court will not defer from considering the Debtors' motion.

As such, the court concludes that Debtors' urgent motion seeking relief under Fed. R. Civ. P. 60(b) would be granted, based on our Opinion & Order in the case of Segarra Miranda v. Banco Popular de PR (In re Garcia), Bankr. Court, D. Puerto Rico, Adv. Proc. 17-00076 BKT, if the U.S. District Court remands for such purpose.

SO ORDERED

San Juan, Puerto Rico, this 15th day of May, 2018.

Brian K. Tester
U.S. Bankruptcy Judge