**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 15-07161 BKT** |
| **JOSE ANTONIO LOPEZ CANCEL**<br>**CARMEN NEREIDA MEDINA** | **Chapter 7** |
| | **Adversary No. 16-00001** |
| **Debtor(s)** | |
| **WILFREDO SEGARRA**<br>**CHAPTER 7 TRUSTEE** | |
| **Plaintiff** | |
| **vs.** | |
| **BPPR AS SERVICER AGENT OF**<br>**FREDDIE MAC; ET AL.** | |
| **Defendant(s)** | **FILED & ENTERED ON 12/4/2018** |

<u>**OPINION & ORDER**</u>

The matters before the court are the Debtors/Defendants, Jose Antonio Lopez Cancel and Carmen Nereida Medina Gonzalez (hereinafter "Debtors") *Urgent Request for Relief from Order Pursuant to F.R.C.P. 60(b)(5)* [Dkt. No. 77]; Plaintiff Chapter 7 Trustee, Wilfred Segarra Miranda's (hereinafter "Plaintiff" or "Trustee") *Opposition to Reconsideration and Relief from Judgment* [Dkt.

1

No. 78]; Debtors' *Reply to Trustee's Opposition to Reconsideration and Relief from Judgment* [Dkt. No. 79]; and Debtors' *Supplement to Debtors' Motion for Reconsideration & Request for Relief Pursuant to F.R.C.P. 60(b)(5) & (b)(6)* [Dkt. No. 80]. For the reasons set forth below, the Debtors' *Urgent Request for Relief from Order Pursuant to F.R.C.P. 60(b)(5)* [Dkt. No. 77] is GRANTED.

### **Procedural Background**

1. On June 20, 2018, the Debtors filed an urgent motion which pertains to an Opinion and Order of this court dated May 15, 2018 [Dkt. No. 73].

2. The court's ruling of May 15, 2018, formed the basis of Debtors' request to the district court for the remand of the case back to the bankruptcy court pursuant to F.R.B.P. 8008. In the district court proceeding, the Chapter 7 Trustee did not file an opposition to Debtors' request for remand.

3. The case was remanded to this court on June 14, 2018, for proceedings consistent with Opinion and Order of May 15, 2018.

4. The Trustee filed an opposition in the above referenced adversary proceeding which requests action for avoidance of the unrecorded mortgage and to preserve the avoided mortgage for the benefit of the bankruptcy estate.

5. Debtors filed their reply to said opposition requesting the court grant relief from the Opinion and Order dated March 15, 2018 [Dkt. No. 52]. Based on this court's Opinion and Order dated April 24, 2018, in the adversary proceeding captioned Segarra Miranda v. Banco Popular de PR, Bankr. Court, D. Puerto Rico, Adv. Proc. 17-00076 BKT and this court's prior ruling [Dkt. No. 73], Debtors request the court enter summary judgment in their favor.

2

## **Standard for Reconsideration**

With regards to the legal standard to be applied when considering a motion under Fed. R. Civ. P. 60(b)(5) and (b)(6), the court hereby adopts Debtors' legal conclusions of law as set forth in their *Urgent Request for Relief from Order Pursuant to F.R.C.P. 60(b)(5)* [Dkt. No. 77], in its entirety. As such, the parameters of Fed. R. Civ. P. 60(b)(5) and (b)(6) will not be discussed further in this Opinion and Order.[1]

## **Applicable Law and Discussion**

While this court's Opinion and Order [Dkt. No. 52] was under appeal, a second adversary case with similar operative facts and identical legal questions came before the court's consideration.[2] In said opinion, the court reversed its previous position that the mortgage laws of Massachusetts and Puerto Rico were similar and that the holding in DeGiacomo v. Traverse (In re Traverse), 753 F.3d 19 (1st Cir. 2014), was applicable in Puerto Rico. In the case of In re Garcia [Dkt. No. 27] the court stated:

> Since the August 23, 2017 *Opinion and Order* in Adv. Case No. 16-00123, the court has had the opportunity to reconsider the ruling set forth by In re Traverse and its application to Puerto Rico law, and found it to be inapposite. Although the legal doctrine of "stare decisis" is preferred because it promotes evenhanded, predictable and consistent development of legal principle, the Supreme Court has never felt constrained to follow precedent when the governing decisions are not workable or legally sound. See Vasquez v. Hillery, 474 U.S. 254, 265–266 (1986).
>
> The court is persuaded by the legal reasoning and conclusions arrived at in the case of Segarra v. Susan Schwarz Reitman. In that opinion and order, the court, held that the mortgage laws of Massachusetts and Puerto Rico differ in the following manner; Massachusetts subscribes to the "title-theory" of mortgage law, while Puerto

[1] Fed. R. Civ. P. 60(b) applies to bankruptcy cases through Fed. R. Bankr. P. 9024.

[2] Segarra Miranda v. Banco Popular de PR (In re Garcia), Bankr. Court, D. Puerto Rico, Adv. Proc. 17-00076 BKT.

Rico adopts the "lien-theory" of mortgage law. Judge Caban determined that the trustee is unable to utilize sections 544 and 551 of the Code because those sections apply when there is an unperfected security interest in property. In sum, under Puerto Rico law an unrecorded mortgage deed is not considered a lien or an unperfected interest in real property - unlike Massachusetts law, which underpins the ruling in Traverse:

> "A lender with an unperfected mortgage deed cannot acquire an interest in a property owner's home because, under local law, it has not title or interest to enforce on the residence. Hence, the Trustee may assert neither an avoidance nor preservation action pursuant to sections 544 and 551, because under local law, no interest—other than Debtor's - exists in property to avoid. The Trustee cannot gain superior rights to the lender who did not record its mortgage deed in the Property Registry because no lien exists under local law. Soto-Ríos, 662 F.3d at 118-19. In Massachusetts, a mortgagor obtains equitable title, or possession, but the mortgagee obtains legal title when a mortgage is executed. Not so in Puerto Rico." P.R. Laws Ann. Tit. 30, §2607, as superseded by Act No. 210 of December 8, 2015; P.R. Laws Ann. Tit. 31, §5042. Segarra v. Susan Schwarz Reitman, Adv. No. 05-00020 (MCF)." Miranda v. BPPR (In re Garcia), supra

## Conclusion

Therefore, in light of the change in this court's legal reasoning, the Debtors' *Urgent Request for Relief from Order Pursuant to F.R.C.P. 60(b)(5)* [Dkt. No. 77] is GRANTED. Summary judgment is entered in favor of the Debtors.

SO ORDERED

San Juan, Puerto Rico, this 4th day of December, 2018.

Brian K. Tester
U.S. Bankruptcy Judge

4